J. S14043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :       IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
                 v.           :
:
LAMAR HAYMES,                  :         No. 1325 EDA 2019
:
               Appellant     :

Appeal from the PCRA Order Entered April 24, 2019,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0000051-2005,
CP-23-CR-0000865-2005

BEFORE: BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 13, 2020**

Lamar Haymes appeals ***pro se*** from the April 24, 2019 order entered in the Court of Common Pleas of Delaware County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The record reflects that on January 30, 2007, a jury convicted appellant of first-degree murder, rape, kidnapping, and abuse of a corpse at No. CP-23-CR-0000051-2005. These convictions arose from the murder, rape, and dismemberment of 15-year-old Deanna Wright-McIntosh. Appellant committed these crimes with his cohort, Anwar Gettys, who was tried and convicted separately. In the same proceeding, the jury also convicted appellant of simple assault, aggravated assault, and false imprisonment at

No. CP-23-CR0000865-2005. These convictions arose from appellant's violent beating of a prostitute. On the same day that the jury convicted appellant of these crimes, the trial court sentenced appellant to life imprisonment without parole on the first-degree murder conviction plus a consecutive aggregate sentence of 285 to 570 months of imprisonment on the remaining convictions. This court affirmed appellant's judgment of sentence on November 24, 2008. *Commonwealth v. Haymes*, No. 566 EDA 2007, unpublished memorandum (Pa.Super. filed November 24, 2008). Appellant did not seek discretionary review with our supreme court.

On November 6, 2009, appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, but appointed counsel never filed an amended petition. The PCRA court then dismissed appellant's *pro se* petition. On appeal, this court noted the "deplorable" state of the record and ultimately vacated the PCRA court's order that dismissed appellant's petition and directed it to appoint counsel to file an amended petition. *Commonwealth v. Haymes*, No. 2136 EDA 2012, unpublished memorandum (Pa.Super. filed October 29, 2013). Following appointment of counsel and the grant of several extensions of time to file an amended PCRA petition, appointed counsel filed the amended petition on June 26, 2015. On July 15, 2015, the PCRA court reinstated appellant's right to seek discretionary direct review by our supreme court. On December 11, 2015, our supreme court denied appellant's petition

for allowance of appeal. ***Commonwealth v. Haymes***, 130 A.3d 1287 (Pa. 2015). Appellant did not seek review by the United States Supreme Court.

On November 7, 2016, appellant filed a ***pro se*** PCRA petition, and the PCRA court then appointed counsel. Following numerous extensions of time to file an amended petition, appointed counsel ultimately filed a motion for leave to withdraw and a ***Turner***/***Finley***[1] letter on January 31, 2019. On March 28, 2019, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed ***pro se*** "objections to notice of intent to dismiss [PCRA] petition without hearing"[2] on April 16, 2019. On April 24, 2019, the PCRA court granted counsel's request to withdraw and dismissed the PCRA petition. Appellant filed a timely ***pro se*** notice of appeal.[3] The PCRA court then ordered appellant to file a concise statement of errors complained

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (***en banc***).

[2] Full capitalization omitted.

[3] We note that because appellant filed one ***pro se*** notice of appeal that listed two trial court docket numbers, this court issued a rule to show cause why the appeal should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response. This court then discharged the show-cause order and referred the issue to this panel. Because the record reflects that the April 24, 2019 order that dismissed appellant's PCRA petition lists two docket numbers and because the order states that appellant "has a right to file an appeal from this Order by filing a Notice of Appeal to the Superior Court within thirty (30) days of the date of this order is docketed," we decline to quash. ***See Commonwealth v. Stansbury***, 219 A.3d 157 (Pa.Super. 2019) (declining to quash pursuant to ***Walker*** where record reflects a breakdown in court operations).

of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied, and

the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issues:

I. Whether the prosecutor John F.X. Reilly violated the appellant[']s Constitutional Rights to the Due Process Clause, Sixth and Fourteenth Amendment by securing a conviction in Com v. Gettys[] (Case No. 4425-2005) by arguing to the jurors that Gettys[] was the one who murdered the victim Deanna Wright Macintosh[?]  The prosecution then changed his theory in Com v. Haymes (Case No. 051-2005) in order to gain a second conviction for the same murder, by claiming that Haymes and Gettys[] both murdered the victim.  Were these acts a violation of the Due Process Clause guaranteed by the Fourteenth Amendment.  Also was this judicial estoppel.

II. Whether the trial court committed an error of law / abuse by violating the appellant[']s Fourteenth Amendment Right to Fundamental Fairness and Equal Protection of the Law, and Sixth Admendment [sic] Right to a Fair Trial, by denying the defense the opportunity to introduce as evidence the out-of-court statements of Anwaar Gettys[] and Lauren Lenton[?]

III. Whether trial counsel Mark P. Much Esq. violated the appellant[']s Constitutional Righ[ts] guaranteed by the Sixth Amendment, Fourteenth Amendment and Pa. Const. [A]rt. 1 § 9, due to the trial attorney's failure / refusal to interview Dayon Pinder, introduce Dayon Pinder's letters and statements to the trial judge for review, call Dayon Pinder as a witness to testify on behalf of the defense[?]  Trial counsel's ineffectiveness denied the appellant the opportunity to compel witnesses on his behalf, require the prosecution[']s case

to survive the crucible of meaningful adversarial testing, and present evidence that would aide [sic] and assist with the presentation of the appellant[']s defense.

IV. Whether trial counsel Mark P. Much Esq. violated the appellant[']s Fourteenth Amendment Right to Fundamental Fairness and Equal Protection of the Law, Sixth Amendment Right to a Fair Trial and Effective Assistance of counsel by refusing to obtain the in-coming and out-going home and cell phone records of Zaron Holbrook and Anwaar Gettys[] which denied the appellant the opportunity to present exculpatory evidence, and impeachment evidence in order to require the prosecution[']s case to survive the crucible of meaningful adversarial testing[?]

V. Whether appellate counsel Patrick J. Connors violated the appellant[']s Constitutional Rights guaranteed by the Sixth and Fourteenth Amendment[s] and Due Process Clause, by failing to seek review of appeable [sic] issues that were preserved by trial counsel and apart [sic] of the appellant[']s records, (1) prosecutor changing versions of what he argued occurred in separate trials (Case No. 4425-2005 Com. v. Gettys[] and Case No. 51-2005 Com. v. Haymes) in order to gain convictio[ns] against both individuals. (2) The trial court abused it's [sic] discretion when denying the defense the opportunity to present Anwaar Gettys'[s] and Lauren Lenton's out[-]of[-]court statements to the jurors in order to show their course of action. These issues were not only obvious, they were stronger than the single issue that appellate counsel raised on direct appeal.

VI. Whether trial counsel violated the appellant[']s Constitutional Rights guarantted [sic] by the Sixth Amendment, Fourteenth Amendment, Due Process Clause and Pa. Const. [A]rt. 1 § 9

> by the trial attorney failing to illict [sic] testimony from the witness Anwar Robinson, trial counsel's deficient performance and ineffective assistance of counsel prejudiced the defense[?]

Appellant's brief at 9-11 (emphasis and extraneous capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014) (citation omitted). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Appellant first claims that the Commonwealth engaged in prosecutorial misconduct by arguing to the jury in Gettys's prosecution that Gettys murdered Deanna Wright-McIntosh and then arguing to the jury in appellant's prosecution that appellant and Gettys murdered the girl. Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, because appellant could have raised this issue at trial, during unitary review, or on direct appeal, appellant waives the issue on appeal. *Id.*; *see also Commonwealth v. Keaton*, 45 A.3d 1050, 1060 (Pa. 2012).

Appellant next claims that the trial court abused its discretion by denying his request to introduce certain out-of-court statements at trial. Because appellant could have raised this issue at trial, during unitary review, or on direct appeal, appellant waives the issue on appeal. *See* 42 Pa.C.S.A. § 9455(b); *see also Keaton*, 45 A.3d at 1060.

Appellant's remaining claims allege ineffective assistance of trial and direct appeal counsel. A review of appellant's original PCRA petition, however, reveals that appellant did not include any of these issues in that petition. The petition contains one bald allegation of ineffective assistance of counsel, followed by 37 typed pages of facts in support of alleged errors upon which the PCRA petition is based that merely rehash trial testimony and attack witness credibility. (PCRA petition, 11/7/16 at 3, ¶ 5(C) and attachments.) It is in appellant's Rule 907 objections that appellant improperly raises his ineffectiveness claims.

It is well settled that where a petitioner fails to include an issue in his original PCRA petition or any court-approved amended PCRA petition, the petitioner waives the issue on appeal. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (reiterating that "issues not raised in a PCRA petition cannot be considered on appeal" (citation omitted)), *appeal denied*, 30 A.3d 487 (Pa. 2011). A petitioner may, however, raise claims not presented in his original petition if he either (1) requests, and is granted, permission from the PCRA court to file an amended petition, or (2) raises a

claim asserting PCRA counsel's ineffectiveness in response to the PCRA court's Rule 907 notice of intent to dismiss. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1186-1189 (Pa.Super. 2012), ***appeal denied***, 64 A.3d 631 (Pa. 2013). The PCRA court is under no obligation to address new issues where the petitioner fails to seek leave to amend his petition after counsel has filed a ***Turner***/***Finley*** no-merit letter. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014).

We emphasize that

> [t]he purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." [***Rykard***, 55 A.3d at 1189]. The response to the Rule 907 notice "is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment." ***Id.*** The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. ***Id.***

***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa.Super. 2015), ***appeal denied***, 136 A.3d 981 (Pa. 2016).

Here, appellant did not seek permission from the PCRA court to file an amended petition that included any of his ineffectiveness claims. Having failed to do so, appellant waives his ineffectiveness claims on appeal.

Order affirmed.

J. S14043/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/20